U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 OCT -9 PM 3:13

CLERK

BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

EDWARD THOMAS KENNEDY,

    Plaintiff,

v.

    Case No. 5:18-cv-139

JURY TRIAL DEMANDED,

STATE OF VERMONT,
VERMONT BAR ASSOCIATION,
VERMONT LAW SCHOOL, and
AMERICAN BAR ASSOCIATION,

    Defendants,

COMPLAINT

INTRODUCTION

In Memory of Eleanor Roosevelt

    1.    TAKE JUDICIAL COGNIZANCE
    a.    Edward Thomas Kennedy, Plaintiff, is one of the people of Pennsylvania and in this court of record, wishes and demands defendant's counsel reply and testify, affirm and/or declare under penalty of perjury to this complaint.

    b.    Plaintiff Kennedy believes that the International Bar Association and American Bar Association and thus the Vermont Bar Association, promised Eleanor Roosevelt in 1947, that their private membership associations members would comply with the Universal Declaration of Human Rights.[1]

    c.    The business models of the American Bar Association, Vermont Bar Association and the State of Vermont restrains trade in professional law advice and legal services and prevents the Plaintiff from earning a living as a law professional.

---

[1] link here: http://www.un.org/en/universal-declaration-human-rights.

    d.    The policies and procedures, business model and terms and conditions of American Bar Association and the Vermont Bar Association contributed to Plaintiff Kennedy's kidnapping and incarceration from August 28, 2018 to August 30, 2018 in two Commonwealth of Pennsylvania prisons in a cage in solitary confinement like conditions.

    e.    Kennedy objects to the latin slang phrase "pro se" and requests CM/ECF access.

    f.    By defendant's definition and application of the word "diversity," defendants are allowing historical and cultural preversions to receive special status at Vermont Law School's admissions practices and procedures in violation of our law, our culture, the Law of the Case (Exhibit 1), and probably all western civilization law and culture.

    g.    In October 2013, the incarceration rate of the United States of America was the highest in the world, at 716 per 100,000 of the national population.

    h.    While the United States represents about 4.4 percent of the world's population, it houses around 22 percent of the world's prisoners.

    i.    Defendants have placed personal and corporate financial interests ahead of human rights, and injured Kennedy and we the people, in violation of US law and the Law of the Case (Exhibit 1).

    j.    Defendants are the source problem that directly and indirectly caused Kennedy's imprisonment and injuries.

    k.    The Supreme Court of the United States hires law clerks (mostly) from Harvard Law School and Yale Law School, (probable) factual evidence of a lack educational quality at United States law schools and the high incarceration rate of the United States of America.

## DEFENDANT PARTIES AND JURISDICTION AND VENUE

2.    This is a federal question matter, and this court of record has jurisdiction. Vermont Law School is located in this judicial district. State of Vermont is a corporation and subsidiary of the United States government, and is subject to its laws and jurisdiction. Defendant American Bar Association is headquartered in the State of Illinois.

## FIRST CAUSE OF ACTION – TRESPASS

3.  Edward Thomas Kennedy, (hereinafter "Plaintiff" and/or "Kennedy") is one of the people of the Pennsylvania, and in this court of record complains of each of the following: State of Vermont, Vermont Bar Association, Vermont Law School, and American Bar Association, hereinafter "lawbreaker" and/or "defendant" and all collectively "lawbreakers" and/or "defendants" who are each summoned to answer and declare under penalty of perjury the said in a plea of trespass, trespass on the case, trespass on the case - vicarious liability, failure to provide a republican form of government and false advertising, intentional infliction of emotional distress, restraint of trade, bad faith, and negligence, to wit:

4.  Defendants exceeded their jurisdiction by allowing its employees to deny Kennedy admission to Vermont Law school. Each lawbreaker exceeded their jurisdiction by either directly, through an agent, or in concert with another did cause Kennedy to be unlawfully injured against his will, without jurisdiction or good cause. Said lawbreakers, without good cause, harmed Kennedy.

5.  From the moment he was harmed until the present, Kennedy, under color of law, was kept in constructive financial imprisonment. Although he objected to the assumed jurisdiction, those who kept him financially imprisoned under color of law did not respond to any of his demands and requests for proof of jurisdiction or for reinstatement of his liberty or the return

of property from Kennedy. They continued to assume the jurisdiction without proof of jurisdiction or any attempt at proof of jurisdiction. Kennedy continues to be subject, under color of law, to the assumed jurisdiction, will and control of the lawbreakers. Kennedy was not accepted to attend Vermont Law School.

SPECIFICS

6. Each defendant acted in such a way, or failed to act in such a way, that Kennedy is deprived of his liberty. Each defendant acted to deprive Kennedy of his liberty; or each defendant failed to act to prevent the loss by Kennedy of his liberty. Further, each defendant is a willing participant in concert with each of the remaining defendants.

7. At all times mentioned in this action each defendant is the agent of the other, and in doing the acts alleged in this action, each is acting within the course and scope of said agency. The following paragraphs describe what the lawbreakers, under color of law, either acted or failed to act as obligated.

8. Each defendant exceeded his jurisdiction under color of law. Each defendant acted in concert with the remaining defendants to affect the unlawful loss of school acceptance and liberty of Kennedy.

9. Kennedy refused to take to the LSAT test[2] and its logic "games" and thus the Vermont Law School refused to accept Kennedy's law school application, as evidenced herein. Kennedy was also blocked from the following other American Bar Association "approved" US law schools:

---

[2] Developed, marketed and administered by Law School Admissions Council, Inc., Leanne M. Shank, Counsel, and Kellye Teste, CEO and approved by all defendants.

US SCHOOLS

| Status | Application | Deadline Action |
|---|---|---|
| In Progress | Albany Law School - Summer 2018 | 03/15/2018 |
| In Progress | Ave Maria School of Law - Fall 2018 | 08/15/2018 |
| In Progress | Boston College Law School - Fall 2018 | 03/31/2018 |
| Transmitted | University of California, Berkeley, School of Law - Fall 2018 | |
| In Progress | The Catholic University of America, Columbus School of Law - Fall 2018 | 06/30/2018 |
| Transmitted | Columbia University School of Law - Fall 2018 | |
| In Progress | Cornell Law School - Fall 2018 | 02/01/2018 |
| In Progress | Creighton University School of Law - Fall 2018 | 07/01/2018 |
| Transmitted | Duke University School of Law - Fall 2018 | |
| Transmitted | Harvard Law School - Fall 2018 | |
| In Progress | University of Maine School of Law - Fall 2018 | 07/31/2018 |
| In Progress | Marquette University Law School - Fall 2018 | 04/01/2018 |
| In Progress | University of Massachusetts School of Law--Dartmouth - Fall 2018 | 07/31/2018 |
| In Progress | University of New Hampshire School of Law - Fall 2018 | 07/15/2018 |
| Transmitted | New York University School of Law - Fall 2018 | |
| In Progress | Vermont Law School - Fall 2018 | 03/15/2018 |
| Transmitted | Santa Clara University School of Law - Fall 2018 | |
| In Progress | Seton Hall University School of Law - Fall 2018 | 04/01/2018 |
| In Progress | University of Southern California, Gould School of Law - Fall 2018 | 02/01/2018 |
| In Progress | Stanford University Law School - Fall 2018 | 02/01/2018 |
| In Progress | Vanderbilt Law School - Fall 2018 | 04/01/2018 |
| In Progress | Vermont Law School - Fall 2018 | 04/15/2018 |
| Transmitted | Yale Law School - Fall 2018 | |


For example, similar to Vermont Law School, Notice please the email

Reply to Kennedy from Duke Law Admissions stated as follows:


<u>withdrawal - no reportable LSAT score.</u>

From LAW-ADMISSIONS <admissions@law.duke.edu>
June 29 (2018)
To: pillar.of.peace.2012@gmail.com
Edward Thomas Kennedy

Edward:

Please note that the June LSAT is the latest score that we are able to consider for applications to the 2018 entering class. Since we do not have the required LSAT score, we are withdrawing your file at this time.

If you would like to re-apply to the 2019 entering class, we will begin accepting those applications in September. Review the application checklist and instructions at https://law.duke.edu/admis/degreeprograms/jd (revised annually in mid-late August).

We wish you well in your personal and professional pursuits.
Robin Holman
Assistant Director of Admissions for Operations

* * * * * * * * * * * * * * * * * * * *

Office of Admissions
Duke University School of Law
Email: admissions@law.duke.edu
Web: https://law.duke.edu/admis

10. Defendants ignored Kennedy's objections, and proceeded under color of law and stole access to his private data such as school transcripts and funds from Kennedy and rejected his applications.[3]

11. Defendants have a duty to not cause Kennedy to be harmed under color of law, to not cause loss of liberty. Further, defendants have a duty to prove jurisdiction when objection to jurisdiction is asserted.

12. Defendants have breached that duty.

13. The damages for the injury caused by defendants' actions are $1,000 for each day of unlawful behaviors for each defendant, or $1,500,000.00 from each defendant, whichever is greater.

---

[3] Property includes private essays, private data, attachments, transcripts from college and graduate school of business (MBA) submitted to agents for the defendants.

14. The damages for the injury caused by defendant's' absence of required action is $5,000 for each failure to act, or $1,500,000.00 from each defendant, whichever is greater.

SECOND CAUSE OF ACTION – TRESPASS ON THE CASE

15. Paragraphs 1 through 14 are included by reference as though fully stated herein.

16. By right, Kennedy reasonably expects to proceed without injury, secure in his capacities. By right, Kennedy reasonably expects to exercise his right to liberty.

17. Defendants have a legal duty to use due care and not cause an injury to Plaintiff Kennedy or interfere with said rights in any way.

18. Defendants breached that duty by proximately or legally, directly and indirectly, causing the injuries to Plaintiff Kennedy.

19. The damages claimed are all a result of the injuries.

THIRD CAUSE OF ACTION – TRESPASS ON THE CASE -VICARIOUS LIABILITY

20. Paragraphs 1 through 19 are included by reference as though fully stated herein.

21. Power is never without responsibility. And when authority derives in part from Government's thumb on the scales, the exercise of that power by private persons becomes closely akin, in some respects, to its exercise by the State of Vermont Government itself.

22. The purpose of imposing vicarious liability is to insure the costs of injuries resulting from defective actions are placed on the source of the actions and others who make the actions possible rather than on injured persons who are powerless to protect themselves. For a defendant to be vicariously liable it must play an integral and vital part in the overall production and promotion activity so that the actor is in a position to affect others or, at the very least, it must provide a link in the chain of exposing the ultimate victim to the actor. The vicariously liable defendant must be in the business of controlling, leasing, bailing, or licensing the actors.

23. Each defendant is an agent of the other, and each has his place in the chain of exposing plaintiff Kennedy to the actors. Each defendant is vicariously liable for each instance of injury to plaintiff.

FOURTH CAUSE OF ACTION – FAILURE TO PROVIDE A REPUBLICAN FORM OF GOVERNMENT AND FALSE ADVERTISING

24. Paragraphs 1 through 23 are included by reference as though fully stated herein.

25. Kennedy wishes defendants to not breach their fiduciary duty to Kennedy. Kennedy wishes defendants to not breach their oaths and to tell the truth.

26. The Constitution guarantees to every state a Republican form of government (Art. 4, Sec. 4).

27. No state may join the United States unless it is a Republic. Our Republic is one dedicated to "liberty and justice for all." Minority individual rights are the priority.

28. The people have natural rights instead of civil rights. The people are protected by the Bill of Rights from the majority. One vote in a jury can stop all of the majority from depriving any one of the people of his rights; this would not be so if the United States were a democracy.

29. The business models of the State of Vermont, Vermont Law School, American Bar Association, and Vermont Bar Association are based on a foundation of false advertising, deceptions, and lies.

30. The damages claimed are all a result of the injuries.

FIFTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Paragraphs 1 through 30 are included by reference as though fully stated herein.

32. Defendants advertised (falsely) with intent to harm Kennedy and we the people, in deference to "international" communities, radicals and behaviors that our civilization historically finds to be perverse. Defendants knowingly[4] lie, mislead, misconstrue, misrepresent and put false information into courts of law, the public record and internet websites by

    a. confusing human rights with civil rights,

---

[4] in violation of their oaths to the federal government and we the people.

    b.    refusing to comply with the Universal Declaration of Human Rights, and

    c.    defining "diversity" as perverse behaviors[5]

33.    The damages claimed are all a result of the injuries.

## SIXTH CAUSE OF ACTION – RESTRAINT OF TRADE

34.    Paragraphs 1 through 33 are included by reference as though fully stated herein.

35.    Defendants restrain trade in legal services and serve international communities and their personal and corporate financial interests ahead of their fiduciary duty to Kennedy.

36.    Defendant State of Vermont grants the Vermont Bar Association a monopoly to provide professional services and thus Bar association (dues paying) members a monopoly over "practicing law,"

37.    This said policy violates United States law, specifically the Sherman Antitrust Act of 1890. (26 Stat. 209, 15 U.S.C. §§ 1–7).[6]

38.    The damages claimed are all a result of the injuries.

## SEVENTH CAUSE OF ACTION – BAD FAITH

39.    Paragraphs 1 through 38 are included by reference as though fully stated herein.

---

[5] Diversity policies and procedures used at United States law schools have no foundation in law, and appear to be based on "ideology" and/or radical opinions rather than objective, evidence-based science.

[6] The Sherman Act broadly prohibits (1) anticompetitive agreements and (2) unilateral conduct that monopolizes or attempts to monopolize the relevant market.

40. Bad faith is not only defined by the Law of the Case (Exhibit 1), but also is a concept defined by court decisions in case law. Bad faith is also defined as a noun and an adjective, as follows:

a. noun. intentional dishonest act by not fulfilling legal or contractual obligations, misleading another, entering into an agreement without the intention or means to fulfill it, or violating basic standards of honesty in dealing with others. Most states recognize what is called "implied covenant of good faith and fair dealing" which is breached by acts of bad faith, for which a lawsuit may be brought (filed) for the breach (just as one might sue for breach of contract).

b. adjective. when there is bad faith then a transaction is called a "bad faith" contract or "bad faith" offer.

41. Defendant Vermont Law School refused to process Kennedy's application to attend its law school.

42. The damages claimed are all a result of the injuries.

EIGHTH CAUSE OF ACTION – NEGLIGENCE

43. Paragraphs 1 through 42 are included by reference as though fully stated herein.

44. In the Law of the Case (Exhibit 1) and in tort law, negligence is a distinct cause of action.

45. The Restatement (Second) of Torts defines negligence as "conduct that falls below the standard established by law for the protection of others against unreasonable risk of harm."

46. Negligence in this court of record consists of five elements, including the following: (1) a duty of care owed by the defendant to the Plaintiff; (2) a breach of that duty; (3) an actual causal connection between the defendant's conduct and the resulting harm; (4) proximate cause, which relates to whether the harm was foreseeable; and (5) damages resulting from the defendant's conduct.

47. The damages claimed are all a result of the injuries.

LAW OF THE CASE

48. Exhibit "1" is incorporated by reference as though fully stated herein.

49. When the word "law" is used without qualification, it means common law.

REQUEST FOR RELIEF

50. For that cause of action therefore Plaintiff brings his suit.

51. WHEREFORE, Plaintiff prays judgment against defendants, and each of them, as follows:

On all causes of action:

52. For general damages in the sum of $1,000 for each day of unlawful behaviors for each defendant, or $1,500,000.00 from each defendant, whichever is

greater;

53. For damages for the injury caused by defendant's' absence of required actions of $5,000 for each failure to act; or $1,500,000.00 from each defendant, whichever is greater;

54. That the court enter a declaratory judgment that defendants have acted arbitrarily and capriciously, have abused their discretion and have acted not in accordance with law, but under color of law;

55. That the court enter a declaratory judgment that defendants have acted contrary to constitutional right, power or privilege;

56. That the court order Vermont Law School to admit Plaintiff to said Law School for both Fall 2018 and Fall 2019 tuition free with first-class direct and indirect expenses prepaid and granted to the Plaintiff with no time limitations, or pay Kennedy one percent of 2017 gross revenues;

57. That the court enter a declaratory judgment that defendants' actions were in excess of statutory jurisdiction, authority and short of statutory right by all defendants;

58. That the court permanently enjoin defendants from interfering in any way with Kennedy's lawful rights and honor all their fiduciary duty to Kennedy;

59. That the court Order State of Vermont and the Vermont Bar Association Kennedy authority to practice law in their jurisdictions without

delay and free of payment of dues, or each compensate Kennedy twenty-five million dollars ($25,000,000) net of all tax;

60. That the court Order Vermont Law School to comply with US law in their policies, practices, tests and admission practices concerning Kennedy;

61. That the court Order the American Bar Association to grant Kennedy authority to practice law in all their jurisdictions without delay and free of payment of dues, or compensate Kennedy twenty-five million dollars ($25,000,000) net of all tax;

62. That the court grant such, other and further relief as the court deems proper;

63. I, Edward Thomas Kennedy, declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

Date: August 15, 2018

Respectfully submitted,

*[signature]* (seal)

EDWARD THOMAS KENNEDY
401 Tillage Road
Breinigsville, Pennsylvania 18031
Email: kennedy2018@alumni.nd.edu
Telephone: 415-275-1244.
Fax: 570-609-1810.